UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNETH GHOLSTON,
   Plaintiff,

vs.                                    No. 09-1025

CORRECTIONAL OFFICER A. HINTON, et. al,
   Defendants

MERIT REVIEW AND CASE MANAGEMENT ORDER

     This cause is before the court for case management and merit review of the plaintiff's complaint. On January 21, 2009, the pro se plaintiff filed his lawsuit pursuant to 42 U.S.C. §1983. The case was set for a merit review hearing, but the plaintiff filed a motion to voluntarily dismiss his lawsuit.

     The court noted that the plaintiff was asking to both dismiss his case and waive the $350 filing fee. Therefore, on February 2, 2009, and on March 2, 2009, the court explained that it could not waive the filing fee once a complaint had been filed. The court gave the plaintiff additional time to inform the court whether he still wished to dismiss his lawsuit or wished to proceed. February 2, 2009 Text Order; March 2, 2009 Court Order.

     The plaintiff has responded by filing a motion to amend and a motion for a change of venue. [d/e 11] The plaintiff is asking to withdraw his first motion to dismiss and instead dismiss two defendants, and then transfer his case to the Northern District of Illinois. Based on this motion, the court will strike the first motion to dismiss [d/e 6], and will consider the second motion filed by the plaintiff. [d/e 11]. However, before the court can consider whether this case should be transferred the court must first consider the contents of the plaintiff's complaint.

     The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The plaintiff filed his complaint against 17 defendants at the Stateville and Pontiac Correctional Centers. The following defendants are from Stateville Correctional Center (herein Stateville): Correctional Officer Hinton, Supervisor R. Matriscision, Reviewing Officer F. Wright, Hearing Investigator A.I. Meier, Clinical Services Counselors Jane or John Doe, Grievance Officers Jane and John Doe and Warden John Doe. The following defendants are

from Pontiac Correctional Center (herein Pontiac): Correctional Officer P. Salzman, Counselor Dennis Guth, Clinical Services Counselors Jane or John Doe, Grievance Officers Jane and John Doe and Grievance Officer John Doe.

The pro se plaintiff's complaint is difficult to decipher. However, the plaintiff says his complaint is a "two (2) part complaint encompassing separate incidents occurring, in the year of 2008, at Stateville and then at Pontiac Correctional Centers of Illinois." (Comp., p 5). Based on the body of the complaint and the attachments, the plaintiff has filed his lawsuit based on two unrelated disciplinary tickets, one issued at Stateville and one issued at Pontiac.

At Stateville, the plaintiff says on April 18, 2008, Defendant Hinton wrong a disciplinary ticket falsely accusing the plaintiff of sexual misconduct. The plaintiff has attached the Adjustment Committee Report which shows the plaintiff was found guilty of reaching through his cell bars and touching the officer's breast. He lost one year of good time credits as a result.

The plaintiff says the Adjustment Committee Members did not allow a continuance so he could take a polygraph and "misconstrued the context of alleged statements supposedly made by plaintiff." (Comp, p. 6) The plaintiff says they did not properly investigate the charges and relied only on Defendant Hinton's claims. The plaintiff says he filed a grievance, but the defendants took "no procedural measures to authenticate plaintiff's position of claimed innocence!!!!" (Comp, p. 6)

At Pontiac, the plaintiff says on August 21, 2008, Correctional Officer P. Salzman wrote a false disciplinary ticket against the plaintiff accusing him of Possession of Unauthorized Property and Damage or Misuse of Property. The plaintiff says if it were not for the false ticket he received at Stateville, he "would never have met Salzman."(Comp, p. 9) The plaintiff does not explain, but apparently he was transferred to Pontiac after he received the ticket at Stateville.

In addition, the defendants refused to "authenticate plaintiff's claimed position of innocence." (Comp., p. 9) The plaintiff says he was found guilty of the offense and lost three months of yard privileges and was put on C grade status for three months. The plaintiff has not attached a copy of this disciplinary ticket nor the Adjustment Committee Report. He does not state how any of the other named defendants are responsible for a violation of his constitutional rights.

There are obvious problems with the plaintiff's complaint. First, the plaintiff cannot bring unrelated claims in a single case. In *George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals stated that "[u]nrelated claims against different defendants belong in different suits." In other words, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. *Id.*

Second, the plaintiff cannot file claims involving incidents at the Stateville Correctional Center in the United States District Court for the Central District of Illinois. Venue for federal

civil rights actions brought under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b). According to that statute, such actions may be brought only in (1) the judicial district where any defendant resides (if all defendants reside in the same State), (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. Therefore, the plaintiff must bring his claims involving Pontiac in the Central District of Illinois, and his claims involving Stateville in the Northern District of Illinois.

In his motion, the plaintiff says he wishes to dismiss Defendants Salzman and Guth and transfer all his remaining claims to the Northern District. The court will allow the motion to dismiss these two defendants, but notes that these are not the only two defendants identified from Pontiac Correctional Center. The plaintiff has also named Clinical Services Counselors Jane or John Doe, Grievance Officers Jane and John Doe and Grievance Officer John Doe.

More importantly, the plaintiff has failed to state a claim upon which relief can be granted concerning any defendant from Pontiac Correctional Center. To establish a procedural due process violation based on his disciplinary ticket, a prisoner must demonstrate that the state "deprived him of a liberty or property interest created either by state law or the Due Process Clause itself." *DeWalt v. Young*, 224 F.3d 607, 613 (7th Cir. 2000)(citations omitted). The plaintiff has not demonstrated that the discipline imposed deprived him of a protected liberty or property interest based on this ticket. *See Whitford v. Boglino*, 63 F.3d 527, 533 n. 7 (7th Cir. 1995) (Demotion in grade status does not implicate federal due process rights.); *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(Loss of commissary privilege does not affect a liberty or property interest); *Tullis v. DeTella* 1999 WL 90650 at 4 (N.D. Ill 1999) (loss of audio-visual privileges is not an atypical and signification deprivation); *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(Loss of commissary privilege does not affect a liberty or property interest).

The plaintiff has not clearly articulated any other potential violation of his constitutional rights at Pontiac in his complaint. However, it appears from the plaintiff's motion that he no longer wishes to pursue his claims against Pontiac. Nonetheless, the plaintiff has also failed to state a claim against any Stateville defendants.

The plaintiff's claims against the Stateville defendants are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). "When a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgement in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck,* 512 U.S. at 487. This holding has been extended to judgement in prison disciplinary proceedings. *Edwards v. Balisok*, 520 U.S. 641 (1997).

The plaintiff admits that he lost good time credits as a result on the disciplinary ticket at Stateville, and he has failed to demonstrate that he has successfully overturned the disciplinary finding. The plaintiff's claim that the defendants failed to properly investigate his grievance

3

concerning this ticket also does not rise to the level of a constitutional due process violation. *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1995).

The plaintiff's motion to change venue is therefore denied. Although the plaintiff is correct that venue for the claims against the Stateville defendants would be proper in the Northern District of Illinois, he has still failed to state a claim upon which relief could be granted against any defendant named in his complaint.

**IT IS THEREFORE ORDERED:**

1) **The motion to withdraw the plaintiff's first motion to dismiss is granted. [d/e 11] The clerk of the court is directed to strike the motion. [d/e 6]**

2) **The plaintiff's motion to dismiss Defendants Guth and Salzman is granted. [d/e 11].   The plaintiff's motion for a change of venue is denied. [d/e 11]**

3) **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.   All pending motions are denied as moot [d/e 3], and this case is closed, with the parties to bear their own costs;**

4) **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record the plaintiff's strike in the three-strike log;**

5) **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed.  The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

6) **The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

7) **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

8)     **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal** *in forma pauperis* **should set forth the issues the plaintiff plans to present on appeal.** *See* **Fed. R. App. P. 24(a)(1)c. If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 19th day of August, 2009.

**s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE